[Nos. 12523, 12643. In Bank. —January 25, 1889.]

JOSEPH H. HILL, RESPONDENT, v. S. H. MILLER, APPELLANT.

PARTNERSHIP — PATENT OBTAINED BY ONE PARTNER — ASSETS OF FIRM — PAROL AGREEMENT. — When a copartnership is formed for the manufacture of hay-presses, for which a patent is afterward obtained by one partner, and the hay-press was put in as part of the capital stock, the patent so obtained is partnership property, and it is of no consequence that there was no written assignment of a half interest in the patent to the other copartner. Such copartner became in equity the owner of one half of the patent, though the agreement was by parol.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Joseph H. Budd,* and *Grove L. Johnson,* for Appellant.

*McKune & George,* for Respondent.

THORNTON, J. — Action to establish partnership in a hay-press, and to settle partnership accounts in which a judgment for plaintiff was entered and given. Defendant moved for a new trial, which was denied, and he prosecutes these appeals, one from the judgment and the other from the order denying a new trial.

The evidence is sufficient to justify the decision of the court below.

The court below found that the defendant put in the hay-press as a part of the capital stock, for which a patent was afterward issued to him. The patent was obtained for the hay-press while the copartnership was in existence, and while the plaintiff and defendant, as copartners, were manufacturing the hay-presses. We think the court properly held that the patent so issued under an agreement that the hay-press should go into the partnership as part of its stock belonged to the partnership.

It is a matter of no consequence that there was no written assignment of a half interest in the patent by defendant to plaintiff. The plaintiff, as a partner, became in equity the owner of one half of the patent, though the agreement was by parol. On this point see *Sumerby* v. *Buntin*, 118 Mass. 279, which is adverse to defendant's contention, and which sustains the conclusion here reached.

We find no error in the record.

The judgment in cause No. 12523 and the order in cause No. 12643 are affirmed.

WORKS, J., McFARLAND, J., PATERSON, J., and SHARP-STEIN, J., concurred.